IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SANOFI and SANOFI-AVENTIS U.S. LLC,

Plaintiffs,

v.

GLENMARK PHARMACEUTICALS, INC.
USA, et al.,

Defendants.

Civil Action No. 1:14-cv-00264-RGA

## MEMORANDUM ORDER

Presently before me is Plaintiffs' Motion to Review Taxation of Costs. (D.I. 359). The

Parties have fully briefed the issues. (D.I. 359, 361, 362). For the reasons set out below, I will

**GRANT** Plaintiffs' motion and allow them to recover costs beyond the amount granted by the

Clerk.

Plaintiffs are the prevailing parties in this matter. (D.I. 336). Accordingly, Plaintiffs filed a

Bill of Costs with the Clerk seeking to recover $105,414.86 in costs from Defendant Sandoz, Inc.

and Defendant Watson Laboratories, Inc. ("Watson"). (D.I. 345). Plaintiffs subsequently

reached an agreement with Watson and I vacated the judgment against it. (D.I. 351). The Clerk

granted $2,096.60 of Plaintiffs' costs that were attributable to Sandoz and denied the balance.

(D.I. 357).

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides, "costs—other than attorney's fees—

should be allowed to the prevailing party." The "costs" which should be allowed under Rule

54(d) are defined narrowly by 28 U.S.C. § 1920. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S.

560, 573 (2012) ("Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts.").

This Court has adopted District of Delaware Local Rule 54.1 as the standard under which the Clerk determines the amount of costs taxable by a prevailing party.[1] The Local Rule is meant to implement the "'strong presumption' that costs are to be awarded to the prevailing party." *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010).

Rule 54(d)(1) and Local Rule 54.1 provide that a party may seek review of the Clerk's decision within seven days of service. "A district court's review of the clerk's determination of costs is *de novo*." *Id.* Due to the discretionary nature of the costs determination, judges in this District have reached different conclusions when faced with requests to review the Clerk's determination. *Compare Walker Digital, LLC v. Google, Inc.*, 2016 WL 1553974 (D. Del. April 12, 2016), *with Bethea v. Rash*, 2015 WL 4477693 (D. Del. July 22, 2015).

## II. DISCUSSION

Plaintiffs request that I assess the full amount of allowed costs against Defendant Sandoz, Inc. (D.I. 359 at 2-3). They also request that I go beyond the limitations suggested by the Local Rule and award costs to the full extent allowable under 28 U.S.C. § 1920. (*Id.* at 3-8).

### A. *Apportionment of Costs Between Sandoz and Watson*

Plaintiffs argue that the Clerk incorrectly apportioned costs between Defendants Watson Laboratories, Inc. and Sandoz. The Clerk's decision was based on my February 21, 2018

---

[1] Assessment of costs is a clerical matter appropriate for the court clerk. *Taniguchi*, 566 U.S. at 573.

Vacatur Order. (D.I. 357 at 5). The Order, which Plaintiffs and Watson stipulated to, states, "Plaintiffs and Watson are each to bear their own costs." (*Id.*). I agree with the Clerk's determination that this language indicates that Defendant Sandoz should not be responsible for the half of the costs that the Court would have assessed against Watson. Moreover, I believe that it would be inequitable to impose the costs of this entire litigation on Defendant Sandoz when Plaintiff permitted Watson to exit the litigation just before costs were determined. Accordingly, the Clerk properly granted Plaintiffs $1,696.60 in witness fees and properly denied the other half, which Watson would have borne. (D.I. 357 at 5). I will similarly apportion other costs.

### B. Transcript Costs

Plaintiffs request that I grant the cost of obtaining the Markman hearing transcript, the pretrial conference transcript, and the bench trial transcript. (D.I. 359 at 3-4). The Clerk denied this request entirely. (D.I. 357 at 3). I agree with the Clerk's conclusion that Plaintiffs request does not meet the requirements of Local Rule 54.1(b)(2) (transcripts are "taxable when requested by the Court or prepared pursuant to stipulation"). I will, however, exercise my discretion to grant costs beyond those listed in the Local Rule.

I grant Plaintiffs the portion of the cost of obtaining trial transcripts attributable to Defendant Sandoz. Although I did not specifically request these transcripts as described by the Local Rule, I recognize that the transcripts were necessary for the Parties to complete post-trial briefing. The total cost of the trial transcripts was $7,856.86.[2] I will grant Plaintiffs half of that total, $3,928.43.

---

[2] The invoice associated with Plaintiffs' request for the bench trial transcript lists, but does not itemize, the transcript for the pretrial conference. (D.I. 346-1, Exh. B2). I do not believe that Plaintiffs necessarily obtained the pretrial conference transcript and I did not request a copy of it. Accordingly, I will apportion the cost between the two documents based on the number of pages. The pretrial conference transcript was 27 pages and the trial transcript was 1,006 pages. (*Id.*).

## C. Deposition Costs

Plaintiffs request that I grant $35,120.19 in deposition costs. The Clerk denied this request entirely as not meeting the standard set in the Local Rule. (D.I. 357 at 4). Costs for deposition transcripts under Local Rule 54.1(b)(3) are allowed "where a substantial portion of the deposition is used in the resolution of a material issue in the case." Plaintiffs do not attempt to meet this standard. Rather, their argument is largely a request that I ignore the guidance of the Local Rule and adopt an expansive view of Section 1920. I decline. It is clear from the briefing that the impact of the deposition transcripts on the case was negligible. (D.I. 354 at 13). Equity does not require that I grant Plaintiffs the costs associated with obtaining numerous deposition transcripts which were predominantly unused in dispositive motions and trial. I will deny this request.

## D. Exemplification, Printing, and Copying Costs

Plaintiffs request that I grant $53,819.79 for "costs associated with the TIFF conversion, OCR conversion, and bates stamping of documents reviewed and/or produced in response to Sandoz's discovery requests." (D.I. 359 at 6). The Clerk denied the entirety of this request as not complying with the Local Rule. (D.I. 357 at 5). Local Rule 54.1(b)(4) allows recovery of costs for documents filed with the Court and the cost of documents admitted into evidence. Local Rule 54.1 also requires that "[t]he bill of costs shall clearly describe each item of cost." I agree with the Clerk that Plaintiffs failed to clearly describe which documents meet Local Rule 54.1(b)(4).

---

The total charge for both documents was $6,518.23. (*Id.*). Assuming each page cost the same amount, the cost for 1,006 out of 1,033 pages is $6,347.86. Copies of the corrected trial transcripts, also necessary to post-trial briefing, cost $1,509.00. (D.I. 346-1, Exh. B3).

Although not automatically allowed under the Local Rule, TIFF conversion is taxable, when appropriate, under Section 1920 as making copies of material.[3] *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 167 (3d Cir. 2012). The Court's Default Standard for Discovery, which the Parties agreed to follow, requires that the Parties produce documents in TIFF. It was entirely reasonable and necessary for Plaintiffs to incur the cost of complying with the agreed-on Default Standard. Thus, I will exercise my discretion to award Plaintiffs a portion of this cost.

Plaintiffs' request encompasses produced and non-produced documents. (*See* D.I. 359 at 7). Sandoz argues it should only be responsible for the documents that Plaintiffs produced to it. I agree. Sandoz should only be responsible for the cost of documents that were responsive to discovery requests. It asked for those documents. Thus, it is fair and equitable that they should have to pay for them. I do not believe that logic extends to documents Sandoz did not request and did not receive. I will grant Plaintiffs the cost of TIFF conversion for the produced documents.

Plaintiffs produced 1,220,766 pages. (D.I. 359 at 7). It appears that the going rate for TIFF conversion is $0.02 per page. (*See* D.I. 346-1, Exhs. E1-E3). The total cost for TIFF conversion of the produced documents was, therefore, $24,415.32. I will award Plaintiffs half that amount, $12,207.66.

---

[3] OCR and Bates stamping also may be recoverable under Section 1920. However, the documentation submitted by Plaintiffs is not sufficient for me to determine which portion of those costs are attributable to documents actually produced. (*See* D.I. 346-1, Exhs. E1-E3). Thus, I will consider only the cost of TIFF conversion.

## III.  CONCLUSION

Plaintiffs' Motion to Review Taxation of Costs (D.I. 359) is **GRANTED**.  The total costs hereby taxed in favor of Plaintiffs and against Defendant Sandoz, together with interest and the applicable post-judgment rate specified in 28 U.S.C. § 1961, are as follows:

| | |
|---|---|
| Fees of the Clerk | $400.00 |
| Transcript Costs | $3,928.43 |
| Deposition Costs | $0.00 |
| Witnesses Fees | $1,696.60 |
| Exemplification, Printing, and Copying Costs | $12,207.66 |
| TOTAL | $18,232.69 |

IT IS SO ORDERED this _____ day of December 2018.


United States District Judge